IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KENNETH SMITH,**

        Plaintiff,

v.                                                                                  Civil Action No. 3:11-CV-48
                                                                                (BAILEY)

**PATRICK R. DONAHOE,
Postmaster General,
UNITED STATES POSTAL SERVICE, et al.,**

        Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR CHANGE OF VENUE

On this day, the above-styled matter came before this Court for consideration of the plaintiff's Motion for Change of Venue [Doc. 32], filed December 9, 2011. Specifically, the plaintiff moves to transfer venue to the Eastern District of Virginia. For the reasons that follow, this Court finds that the plaintiff's motion should be **GRANTED**.

### BACKGROUND

The plaintiff, Kenneth G. Smith, was employed by the United States Postal Service ("USPS") as a Maintenance Mechanic on February 6, 1993. The plaintiff worked in this position at the Dulles Processing and Distribution Center in Dulles, Virginia ("Dulles P&DC").

On June 27, 2011, the plaintiff filed a Complaint [Doc. 1] in the Northern District of West Virginia against Patrick Donahoe, Postmaster General; the USPS; the National Institute of Health ("NIH"); Dr. Francis Collins, Director; the United States Department of Education ("DOE"); and Arne Duncan, United States Secretary of Education. On August

22, 2011, the plaintiff filed a First Amended Verified Complaint [Doc. 9] adding as defendants Vincent Carter, MMO, and Gloria Luna, SMO, in their official capacities at the Capital Area Agency of the USPS.

In his Complaint, the plaintiff alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, at the Dulles P&DC and various violations of his civil rights allegedly committed by the USPS, the NIH, and the DOE.  The plaintiff claims to have discovered the "missing link between man and ape" and "how DNA really works" and subsequently published a thesis and book titled "Thoroughbred from the Genetic Normal." ([Doc. 1] at ¶ 14).  The plaintiff has attempted on several occasions to contact NIH officials regarding his theory and has allegedly been ignored. (Id. at ¶ 27). The plaintiff asserts that since June 2006, he has been contacting state and local government officials, schools, boards of education, and "whoever else . . . might listen" about alleged violations by the NIH.  (Id. at ¶ 25).  The plaintiff further asserts that since March 2007, he has been contacting local schools and boards of education about genetic information promoted in public schools in Jefferson County, West Virginia, supported by taxpayer funds.  (Id. at ¶ 28).  The plaintiff apparently seeks to have his book used in the public school system.  (Id. at ¶ 32).  In sum, the plaintiff alleges that all three federal agencies have damaged him by failing to consider his genetic theory and are preventing him from untold revenue.  (Id. at ¶¶ 32, 34).

On November 9, 2011, the defendants moved to dismiss the Complaint for, *inter alia*, improper venue [Doc. 28].  Specifically, the defendants argue that Title VII requires that this action be brought in a judicial district in the State of Virginia where the alleged employment discrimination took place.  ([Doc. 29] at 7-8).  On November 10, 2011, this

Court entered a *Roseboro* Notice [Doc. 30], permitting the plaintiff thirty (30) days to respond to the motion.

On December 9, 2011, the plaintiff filed the instant Motion for Change of Venue [Doc. 32], a Response to the defendants' motion to dismiss [Doc. 33], and a Second Amended Complaint [Doc. 34]. In the first filing, the plaintiff moves for a transfer of venue to the Eastern District of Virginia. According to the Second Amended Complaint, the alleged discrimination took place at the Dulles P&DC, which is located in Loudon County, Virginia.

## DISCUSSION

**I.     Applicable Standards**

    **A.     Venue Generally – 28 U.S.C. § 1391**

As relevant here, 28 U.S.C. § 1391(e) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States . . . may, *except as otherwise provided by law*, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action . . ..

(Emphasis added).

    **B.     Title VII Venue – 42 U.S.C. § 2000e-5(f)(3)**

Pursuant to 42 U.S.C. § 2000e-5(f)(3), a Title VII employment discrimination action:

> may be brought in *any judicial district in the State in which the unlawful employment practice is alleged to have been committed*, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . ..

(Emphasis added).

### C. Cure of Venue Defect – 28 U.S.C. § 1406(a)

28 U.S.C. § 1406(a) provides, in whole part:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.*

(Emphasis added).

### II. Analysis

In his motion, the plaintiff argues that the proper venue for his Title VII action is the Eastern District of Virginia. This Court agrees.

The plaintiff alleges that he encountered Title VII employment discrimination at the Dulles P&DC, which is located in Loudon County, Virginia. Pursuant to 42 U.S.C. § 2000e-5(f)(3), therefore, the proper venue is the Eastern District of Virginia, the judicial district to which Loudon County is assigned. Accordingly, pursuant to 28 U.S.C. § 1406(a), this matter should be transferred to the Eastern District of Virginia.

### CONCLUSION

For the foregoing reasons, this Court concludes that the plaintiff's Motion for Change of Venue **[Doc. 32]** should be, and hereby is, **GRANTED**. Accordingly, this matter shall be **TRANSFERRED** to the Eastern District of Virginia.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** December 12, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE